UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CONNELY, et al., | No. 2:15-cv-1051 CKD |
| Plaintiffs, | |
| v. | ORDER |
| NATIONSTAR MORTGAGE, LLC, et al., | |
| Defendants. | |

Defendants' motions to dismiss came on regularly for hearing on September 2, 2015. Andre Chernay appeared for plaintiffs. Alison Lippa appeared for defendant Bank of America ("BANA"). Richard Lee appeared telephonically for defendants Nationstar Mortgage LLC ("Nationstar") and Wells Fargo Bank, N.A. ("Wells Fargo"). The parties have consented to the jurisdiction of a magistrate judge pursuant to Title 28 U.S.C. Sec. 636(c)(1) (ECF Nos. 8, 9, 16). Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiffs allege claims arising out of a mortgage on real property located in Granite Bay, California. In November, 2005, plaintiffs financed a mortgage loan of $649,000 through defendant BANA. In January, 2013, BANA recorded an assignment of the deed of trust, assigning all beneficial interests to defendant Wells Fargo. The current servicer of the loan is defendant Nationstar. Plaintiffs have accrued arrearages in the amount of $256,673.12 from

November 1, 2010 through March 31, 2015.  In the first amended complaint, plaintiffs allege claims for intentional and negligent misrepresentation, breach of contract, negligence, declaratory relief and violation of Cal. Unfair Competition Law ("UCL"), Business and Professions Code § 17200.  Defendants move to dismiss.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when,

2

1  where, and how' of the misconduct charged"). "Rule 9(b) demands that the circumstances
2  constituting the alleged fraud be specific enough to give defendants notice of the particular
3  misconduct . . . so that they can defend against the charge and not just deny that they have done
4  anything wrong." Kearns, 567 F.3d at 1124.

5  In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider
6  only allegations contained in the pleadings, exhibits attached to the complaint, and matters
7  properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d
8  895, 899 (9th Cir. 2007). Defendants have requested this court take judicial notice of documents.
9  ECF No. 7. Those requests will be granted.

10  Plaintiffs predicate their intentional and negligent misrepresentation claims and fraud
11  claims, in part, on the theory that defendants did not negotiate in good faith regarding a
12  modification of their loan under the Home Affordable Modification Program ("HAMP"). This
13  theory is untenable. Courts have uniformly found that there is no private right of action against
14  lenders that receive HAMP funds. See, e.g. Manabat v. Sierra Pacific Mortg. Co., Inc., 2010 WL
15  2574161 at *11 (E.D. Cal. June 25, 2010).

16  Plaintiffs also allege a securitization of the note claim arising out of the recording of the
17  transfer of the beneficial interest after the trust pool closed in 2005, relying on Glaski v. Bank of
18  Am., Nat'l Ass' n, 218 Cal.App. 4th 1079, 1097 (2013). Plaintiffs lack standing to challenge any
19  defects in the securitization process because they were not parties to the securitization agreement.
20  Benham v. Aurora Loan Servs., 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009) (lenders do
21  not lose their power of sale pursuant to a deed of trust when the original promissory note is
22  assigned to a trust pool); Apostol v. Citimortgage, Inc., 2013 WL 6140528, at *6 (N.D. Cal.
23  November 21, 2013) (courts have uniformly rejected Glaski).

24  The breach of contract claim against defendant BANA is predicated on a three month
25  forbearance agreement commencing August 15, 2009 and extending for three months. (First
26  Amended Complaint "FAC", Ex. A.) To state a claim for breach of contract, plaintiff must allege
27  (1) the existence of a contract; (2) plaintiffs' performance or excuse for the nonperformance of
28  the contract; (3) defendants' breach of the contract; and (4) resulting damages. Armstrong

Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal.App.4th 1375, 1390 (2004). Plaintiffs fail to state a breach of contract claim predicated on the forbearance agreement. The FAC alleges that defendant BANA accepted the forbearance payments; thus there was no breach by defendant of that agreement.

The breach of contract claim against defendants Nationstar and Wells Fargo is predicated on two loan modification agreements. The first agreement was allegedly entered into on February 19, 2014 ("LMA1"). FAC Ex. C. The FAC alleges that this agreement was rescinded by Nationstar on the ground of unilateral mistake regarding an accounting error. A second loan modification agreement was allegedly entered into in June, 2014. FAC Ex. D. On the present state of the pleadings, the court finds that plaintiffs have failed to state a claim for breach of contract against defendants Nationstar and Wells Fargo. However, upon hearing the oral argument, the court concludes that amendment of this claim may not be futile and will accordingly grant leave to amend this claim.

Plaintiffs also allege misrepresentation and fraud claims against BANA based on alleged actions taken by this defendant with respect to the forbearance agreement. Plaintiffs allege defendant continued to accept the reduced payments beyond the three month period while plaintiffs were submitting documentation to apply for a loan modification. However, there is no duty by the bank to offer a loan modification. Plaintiffs' fraud allegations are simply insufficient to show detrimental reliance on any representations made by defendant during the loan modification process.

With respect to the negligence claim, plaintiffs fail to allege any facts establishing a special relationship between plaintiffs and any of the defendants sufficient to give rise to a duty of care. Dooms v. Federal Home Loan Mtg. Corp., 2011 WL 1232989, at *12 (E.D. Cal. Mar. 31, 2011) (lender owed no duty of care arising from default and loan modification attempts); DeLeon v. Wells Fargo Bank, N.A., 2010 WL 4285006, at *4-5 (N.D. Cal. Oct. 22, 2010) (lender had no duty to complete the loan modification process).

Plaintiffs also allege a claim for declaratory relief. Declaratory relief is a remedy, not an independent cause of action. Moreover, under California's nonjudicial foreclosure scheme,

plaintiffs may not pursue a preemptive judicial action to determine whether a person initiating foreclosure is authorized to so act.  See Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1155 (2011); Robinson v. Countrywide Home Loans, Inc., 199 Cal.App.4th 42, 46 (statutory scheme does not provide for preemptive suit challenging standing to foreclose).

Plaintiffs also allege a claim under the UCL, California Business and Professions Code § 17200.  A claim under the UCL must rest on a violation of some independent substantive statute, regulation or case law.  See Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (action under section 17200 borrows violations of other laws); see also Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993) (plaintiff must state with reasonable particularity the facts supporting statutory elements of violation of UCL).  Plaintiffs here fail to allege facts sufficient to show a violation of an underlying law.  Nor do plaintiffs allege any facts sufficient to give rise to a claim for fraudulent business practices.  Plaintiffs' UCL claim is also untenable because it is predicated on plaintiffs' fraud and misrepresentation claims, all of which fail.  See generally Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999) (claim under "unfair" prong of UCL requires conduct threatening incipient violation of antitrust laws); Krantz v. BT Visual Images, LLC, 89 Cal. App. 4th 164, 178 (2001) (violation under "unlawful" prong of UCL requires underlying violation of law); Perdiguerra v. Meridas Capital, Inc., 2010 WL 395932 at *8 (N.D. Cal. Feb. 1, 2010) (claim under "fraudulent" prong of UCL requires showing of reliance and heightened particularity standard required for fraud).

Because it appears amendment would be futile as to the claims against defendant BANA, defendant's motion to dismiss will be granted without leave to amend.  Similarly, except for the breach of contract claim against defendants Nationstar and Wells Fargo, it appears amendment would be futile with respect to the remaining claims against these defendants.  Leave to amend will therefore be limited to a breach of contract claim against defendants Nationstar and Wells Fargo.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' requests for judicial notice (ECF Nos. 12, 17-1) are granted.

2. Defendant Bank of America's motion to dismiss (ECF No. 11) is granted without leave

to amend.  Defendant Bank of America is dismissed from this action.

    3.  The motion to dismiss (ECF No. 17) brought by defendants Nationstar and Wells Fargo is granted.

    4.  Plaintiffs are granted leave to file a second amended complaint alleging only a breach of contract claim against defendants Nationstar and Wells Fargo.  Any amended complaint shall be filed no later than October 15, 2015.

Dated:  September 11, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 connely1051.oah

6