UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CONNELY, et al., | No. 2:15-cv-1051 CKD |
| Plaintiffs, | |
| v. | ORDER |
| NATIONSTAR MORTGAGE, LLC, et al., | |
| Defendants. | |

Defendants' motion to dismiss is pending before the court. Because oral argument is not of material assistance, this matter is submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

This matter was previously heard on defendants' motions to dismiss. Defendant Bank of America was dismissed with prejudice and plaintiffs were granted leave to amend only the contract claim against defendants Nationstar and Wells Fargo. Plaintiffs have now filed a second amended complaint ("SAC"). Defendants again move to dismiss, contending that plaintiffs have failed to state a claim for breach of contract.[1]

---

[1] Defendant also argues that plaintiff cannot state a claim under the Home Affordable Modification Program ("HAMP"). Although the second amended complaint contains some allegations related to HAMP, this court has previously dismissed with prejudice any claims plaintiff attempted to state under HAMP. This action is proceeding solely on a breach of contract claim.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). Defendants have requested this court take judicial notice of documents. ECF No. 29. That request will be granted.

The breach of contract claim against defendants Nationstar and Wells Fargo[2] is predicated on two loan modification agreements. The first agreement was allegedly entered into on February 19, 2014 ("LMA1"). SAC Ex. A. A second loan modification agreement was allegedly entered into on June, 2014 ("LMA2"). SAC Ex. B. To state a claim for breach of contract, plaintiff must allege (1) the existence of a contract; (2) plaintiffs' performance or excuse for the nonperformance of the contract; (3) defendants' breach of the contract; and (4) resulting damages. Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal.App.4th 1375, 1390 (2004).

---

[2] The breach of contract claim in the second amended complaint is brought against defendant Nationstar. Defendant Wells Fargo is alleged to be liable on this claim because of an agency relationship between these two defendants.

1  With respect to LMA1, plaintiffs allege that defendant Nationstar and plaintiffs entered into a permanent loan modification agreement in February 2014 for a term of two years, that plaintiffs made the initial downpayment required under the contract and three monthly payments thereafter, that defendant breached the contract by failing to accept the monthly payments and unilaterally cancelling the loan modification with no legal basis or justification therefor, and that plaintiffs have suffered damages including arrears, fees and costs added to the principal balance of their loan and have foregone seeking other remedies.  These allegations are sufficient to state a claim for breach of contract.  Defendants' contention that LMA1 was properly rescinded due to a unilateral mistake is an issue properly raised on a motion for summary judgment, not a motion to dismiss.

Plaintiffs also sufficiently allege a breach of contract claim with respect to LMA2. Plaintiffs allege that this loan modification was entered into on or about June 2014, that defendant demanded a second downpayment despite the fact that plaintiffs had already made the downpayment in connection with LMA1, that plaintiffs' performance on LMA2 was excused because defendant prevented plaintiffs from performing by immediately sending plaintiffs a series of arrearage demand letters, new loan modification offers and demanding additional thousands of dollars in downpayments, that defendant breached the contract by failing to honor the terms of the executed agreement, and that plaintiffs have suffered damages, including arrearages and attorney's fees and costs.  Defendants argue that plaintiffs unlilaterally breached LMA2.  Again, this is not a matter for adjudication on a motion to dismiss.  Construing the allegations in the light most favorable to plaintiffs, the second amended complaint sets forth sufficient facts to support a claim for breach of contract.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing date of December 16, 2015 on defendants' motion to dismiss is vacated.

2. Defendants' request for judicial notice (ECF No. 29) is granted.

3. Defendants' motion to dismiss (ECF No. 28) is denied.

4. This matter is set for a status conference on January 27, 2016 at 10:00 a.m. in courtroom no. 24.  No later than January 13, 2016, the parties shall file status reports addressing

the following matters:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

    g. Future proceedings, including setting appropriate cut−off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    h. Special procedures, if any;

    i. Estimated trial time;

    j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

    k. Whether the case is related to any other cases, including bankruptcy;

    l. Whether a settlement conference should be scheduled;

    m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they prefer to have a settlement conference before another judge;

    n. Any other matters that may add to the just and expeditious disposition of this matter.

Dated: December 4, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 connely1051.mtd.sop